COMMONWEALTH vs. REBECCA COLLIER.

Suffolk.   January 12. — 15, 1883.   FIELD & W. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquors, the evidence for the government tended to show a sale by the defendant of lager beer. The defendant testified that, at the time of the alleged sale, he had no intoxicating liquors on his premises; that the only beer he had was Bavarian hop beer; and that he bought all of his beer of a certain brewer; and he produced and identified a label as the label which was on the barrel from which the alleged lager beer was drawn. He then offered the label in evidence for the purpose of identifying the barrel and its contents; but it was excluded. *Held,* that it should have been admitted.

At the trial of a complaint for an unlawful sale of intoxicating liquors, a witness testified for the government that he tasted liquor sold by the defendant; that it was lager beer; and that he could tell by the taste alone whether it contained three per cent of alcohol. *Held,* that the defendant was not entitled to ask a witness, an expert in the manufacture and taste of beer, whether a person could determine from the taste alone the proportion of alcohol contained in a given sample of beer.

At the trial of a complaint for an unlawful sale of intoxicating liquors, it appeared that the defendant's saloon was fitted up with a bar, beer-pump, glasses and bottles; that on the exterior wall was the sign, " Ale and Lager Beer ; " that, at the time of the alleged sale, the defendant had no license to sell intoxicating liquors, but that he had previously had a license. He testified that the interior arrangements of the saloon and the sign on the exterior were the same on the day of the alleged sale as they were when he had his license. He then asked the judge to instruct the jury, that, if they believed that the interior arrangement of the saloon, and the sign on the exterior, were in the same condition and position on the day of the alleged sale as they were in during the time he had his license, " no inference adverse to the defendant can be drawn therefrom." The judge declined to give this instruction. *Held,* that the defendant had no ground of exception.

COMPLAINT to the Municipal Court of Boston, charging the defendant, on July 20, 1882, at Boston, with an unlawful sale of intoxicating liquors. Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that the defendant kept a restaurant and saloon on Motte Street, in Boston; that said saloon was fitted up with a bar, beer-pump, glasses and bottles; that on the exterior wall was the sign, " Ale and Lager Beer;" that, at the time of the alleged sale, the defendant had no license to sell malt, spirituous or intoxicating liquors, but that she had previously had a license.

One Barker, a witness called by the government, testified that on July 20, 1882, he, in company with one Ellis, visited the place of business of the defendant, and while there heard an unknown man call for beer; that he saw the defendant draw from a beer-pump a liquid resembling lager beer and deliver it to the unknown man, who paid for the same; that the witness called for lager beer, and the defendant drew a glass of beer from the same pump and delivered it to the witness; that the witness tasted it, and that it was lager beer. On cross-examination, the witness testified that he determined that the beer delivered to him was lager beer by the taste and the color; that Bavarian hop beer was darker in color than lager beer; that, by the taste alone, he could tell whether any given sample of beer contained three per cent of alcohol, or more or less than three per cent of alcohol. Ellis corroborated Barker as to the sale of the beer and its appearance, but did not taste the same.

The defendant testified that she had previously had a license to sell intoxicating liquors for her said saloon; that the interior arrangements of the saloon and the sign on the exterior were the same on the 20th of July as they were when she had her license; that, at the time of the alleged sale, she had no spirituous or intoxicating liquor on or about her premises; that the only beer she had on draught, or otherwise, was Bavarian hop beer; and that she bought all of her beer of one Stanley, a brewer; and the defendant produced and identified a label as the label which was on the barrel from which said alleged lager beer was drawn. The label was offered in evidence for the purpose of identifying the barrel and its contents, but was excluded by the judge; and the defendant excepted.

Stanley testified that he was a brewer, and had been engaged in the business of brewing ale, lager beer and Bavarian hop beer for the ten years last past, and was familiar with the

process of manufacture and the manufactured product; that he had sold the defendant Bavarian hop beer and no other beer; that Bavarian hop beer resembled lager beer in all respects except in the proportion of alcohol; that all Bavarian hop beer manufactured or sold by him contained less than three per cent of alcohol; that a particular label was put on every barrel of Bavarian hop beer that left his brewery or salesrooms; and that such label was placed on no beer containing three per cent or more of alcohol. The witness then identified a label as one of those placed on his Bavarian hop beer. The witness further testified that he was familiar with the manufacture and taste of Bavarian hop beer and lager beer, and the quantity and proportion of alcohol contained in each. The defendant then asked him whether any person could determine, from the taste alone, the proportion of alcohol contained in a given sample of beer, whether three per cent, or more or less. But the question was excluded by the judge; and the defendant excepted.

The defendant asked the judge to instruct the jury as follows: "If the jury believe that the interior arrangement of the saloon, and the exterior sign on the same, were, on the 20th of July last past, in the condition and position they were in during the time the defendant had a license to sell intoxicating or malt liquors, as testified to, no inference adverse to the defendant can be drawn therefrom." The judge declined so to rule, and did not instruct the jury specifically on this point.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. F. Paige*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, (*G. Marston*, Attorney General, with him,) for the Commonwealth.

C. Allen, J. 1. The principal fact in dispute was whether the beer which was drawn and sold was lager beer or Bavarian hop beer. This depended in part on whether it came from Stanley's. As bearing on this question, it was competent to prove that the barrel from which the beer was drawn had a label of Stanley's upon it. The witness in effect testified, "I know this beer came from Stanley's, because I had no other beer, and because Stanley's label was upon the barrel, and here is the label itself, which can be identified as his." The weight

of this evidence, of course, was for the jury.    But a witness who testifies to a principal fact may also give all circumstances relating to it which may tend to confirm his testimony.    The label, therefore, should have been admitted.    1 Greenl. Ev. §§ 51–53.

2. Stanley's opinion whether any person could determine from the taste alone the proportion of alcohol in a given sample of beer was incompetent.

3. The refusal to give the requested instruction was right.

On the first point only, the entry must be,

*Exceptions sustained.*